[No. 9320.   Department One. — December 28, 1885.]

In the Matter of the Estate of WILLIAM H. MOORE, Deceased.   HELEN M. MOORE, Appellant, v. THOMAS W. MOORE, Respondent.

Estate of Deceased Person — Insanity of Administrator — Vacancy in Administration. — The fact that the administrator of the estate of a deceased person was sent to an insane asylum, by the order of a judge of the superior court, does not create an absolute vacancy in the administratorship of the estate.

Id. — Administrator Incapacitated during Confinement — Application for Letters. — During the time the administrator is so confined in the asylum, he is incapable of executing his trust, and an application then made by a proper person for letters of administration should be granted; but an application made after his incapacity has been removed, and he has again entered upon the discharge of his duties as administrator, should be refused.

Id. — Commission of Insanity — Vacancy in Office. — Section 996 of the Political Code, providing that an office becomes vacant on the happening of the insanity of the incumbent, found upon a commission issued to determine the fact, refers to a commission out of chancery, and not to the statutory proceeding to send a person to an insane asylum.

Appeal from order of the Superior Court of Santa Cruz County, refusing a petition for letters of administration.

The facts are stated in the opinion.

*Charles B. Younger*, and *Ferdinand J. McCann*, for Appellant.

*John C. Hall*, and *Arthur Rogers*, for Respondent.

Belcher, C. C.—This is an appeal by Helen M. Moore from an order refusing to appoint her administratrix of the estate of her deceased husband. The facts as shown by the record are as follows:—

William H. Moore died intestate in the month of October, 1871, leaving a widow and five minor children, four of whom were the issue of a former marriage. He resided at the time of his death in the county of Santa Cruz, and left estate, real and personal, therein.

In March, 1872, Thomas W. Moore, a brother of deceased, was appointed, at the request of the widow, administrator of the estate. He at once qualified and entered upon the discharge of his duties as administrator, and continued to act as such until the twenty-eighth day of April, 1881, when, by order of one of the judges of the Superior Court of the city and county of San Francisco, he was sent to the Napa State Asylum for the Insane as an insane person. He remained in the asylum until the twenty-eighth day of December following, when he left it with the consent of the resident physician, cured.

On the 20th of April, 1882, he received from the resident physician a certificate of discharge from the asylum, and on the 25th of July, 1882, in a proceeding commenced in the Superior Court of the city and county of San Francisco, under the provisions of section 1766 of the Code of Civil Procedure, he was by the court found and adjudged to be of sound mind and capable of taking care of himself and his property.

No other administrator being appointed, after he left the asylum he continued to act as administrator of the estate, and on the 16th of September, 1882, he filed his account of his administration from its commencement. To this account, Willie Moore, minor son of the petitioner here, filed objections on the eleventh day of October, 1882.

The issues growing out of the account and objections were subsequently tried and submitted to the court, but on the twentieth day of April, 1883, when this case was tried, had not been decided.

On the sixteenth day of March, 1883, Helen M. Moore, the widow of deceased, presented her petition to the court below, setting forth, among other things, that Thomas W. Moore was committed to an insane asylum, and that since that time no order had been made appointing any person as the administrator of the estate of William H. Moore, deceased; that the estate was still

unsettled and undistributed; that no account of Thomas W. Moore's administration of the estate had been settled or allowed: and praying that she be appointed administratrix of the estate, and that letters be issued to her.

Thomas W. Moore answered to the petition, and upon the issues thus raised the case was tried and the prayer of the petitioner denied.

The question for decision is: Did the fact that the respondent was sent to an insane asylum create an absolute vacancy in the administratorship of the estate? If not, the appellant, having renounced her right to administer in favor of the respondent, cannot now retract her renunciation, and her petition for letters was properly denied. (*Estate of Kirtlan*, 16 Cal. 162; *Estate of Hamilton*, 34 Cal. 464; *Estate of Keane*, 56 Cal. 407.)

In support of her contention, the appellant cites section 996 of the Political Code, and sections 1425 and 1426 of the Code of Civil Procedure.

The section cited from the Political Code provides that an office becomes vacant on the happening of the incumbent's insanity, "found upon a commission of lunacy issued to determine the fact." That section is not in point, for, conceding that it applies to officers of court, such as administrators and receivers, and is not confined, as claimed by respondent, to officers of a political character, still, the insanity must be found by a commission of lunacy. That is a commission issued out of chancery, and is not the ordinary proceeding taken to send one to an insane asylum. (1 Burrill's Law Dict. 318; Opinion of Lewis, J., in *State* v. *McClintock*, 5 Nev. 329.)

The sections cited from the Code of Civil Procedure provide that if one of several executors or adminstrators dies, becomes lunatic, is convicted of an infamous crime, or otherwise becomes incapable of executing the trust, the remaining executors or administrators must proceed to complete the execution of the will or administration; and if all the executors or administrators die or become incapable, the court must issue letters to others.

Under these sections we do not think an entire vacancy in the administration of the estate was created when the respondent was sent to the asylum. He became incapable of executing the trust for the time being, and if during that time the appellant had petitioned for letters she would doubtless have received them. But when his incapability was removed, and he had again entered upon the discharge of his duties as administrator, and had been recognized as such by the court and others, we think the petition came too late.

The order should be affirmed.

FOOTE, C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.

Hearing in Bank denied.