[No. 12839.   Department Two.— April 18, 1889.]

IN THE MATTER OF THE ESTATE OF JAMES ALLEN, DECEASED.   FREDERICK EULERT ET AL., APPELLANTS, v. JAMES C. PENNIE, ADMINISTRATOR ETC., ET AL., RESPONDENTS.

78  581
80   17
78  581
94  362
78  581
122  165
78  581
4132  311

ESTATE OF DECEASED PERSON — MARRIAGE OF EXECUTRIX — RESIGNATION — REQUEST FOR APPOINTMENT OF ADMINISTRATOR — PRESUMPTION OF SETTLEMENT OF ACCOUNTS. — Where an executrix marries, and afterwards files in court a written instrument signed by her, reciting the fact of her marriage, and that she is "no longer authorized to be or act as executrix," and asking the court to appoint another person as administrator, such paper is the equivalent of an express resignation of her trust,

and the court has the right to receive and act upon it as such; and in the absence of a showing to the contrary, it will be presumed, in support of an order appointing an administrator, made after such resignation, that the accounts of the executrix have been settled, and the estate delivered to her successor.

ID.— REMARRIAGE OF WIDOW — NOMINATION OF ADMINISTRATOR. — The surviving wife of a deceased person, upon remarrying, becomes incapable of administering upon her former husband's estate, and cannot nominate a third person to act as administrator thereof.

APPEAL from an order of the Superior Court of the city and county of San Francisco appointing an administrator with the will annexed of the estate of a deceased person.

The facts are stated in the opinion.

*O'Brien, Morrison & Daingerfield,* and *Davis Louderback,* for Appellants.

*Naphtaly, Freidenrich & Ackerman,* for the Administrator Respondent.

BELCHER, C. C.—James Allen, a resident of the city and county of San Francisco, died in the month of October, 1887, leaving a will which was admitted to probate in December of that year. Margaret Allen, the widow of deceased, was appointed executrix of the will, and duly qualified as such.

On the second day of April, 1888, Mrs. Allen married one John F. Von Muegge, and has ever since been his wife. Four days later,—on the 6th of April,—Frederick Eulert filed in court a petition asking to be appointed administrator of the estate of deceased with the will annexed, and with his petition he also filed a paper, subscribed by Margaret Von Muegge, which reads as follows:—

" Superior court, San Francisco, department 9.

"In the matter of the estate of James Allen, deceased.

"I, the undersigned, surviving wife of the above-named deceased, hereby request Dr. Frederick Eulert to accept

the office of administrator with the will annexed of said deceased, to serve in my place and stead, as I became the wife of John F. Von Muegge on the 2d of April, 1888, and am no longer authorized to be or act as executrix of the last will and testament of said deceased, and I hereby request the above-named court to appoint said Eulert as administrator with the will annexed."

On the 20th of April, William Allen, the eldest son of deceased, filed a petition, asking that letters of administration on the estate be issued to him, and on the same day, upon his motion, James C. Pennie, the public administrator of the city and county of San Francisco, was appointed special administrator of the estate, " whereupon," as stated in the bill of exceptions, " said Eulert and Margaret Von Muegge excepted."

On the 3d of May, William Allen renounced his right to letters and nominated Pennie for the office, and thereupon on the same day Pennie filed his petition, asking to be appointed administrator of the estate with the will annexed.

Notices of the several applications were posted as required by law, but no citation to show cause why her letters testamentary should not be revoked was ever issued or served upon Mrs. Von Muegge, nor did she ever consent to any revocation thereof, or resign her office as executrix, except as hereinbefore stated.

When the applications came on to be heard, the court denied the petition of Eulert and granted that of Pennie, and letters were issued to him on the 29th of May, 1888. From this last order Eulert and Mrs. Von Muegge have appealed.

In support of the appeal, two points are made by the appellants: 1. That the court had no authority to direct that special or general letters be issued to Pennie until an order had been made, after notice and hearing, revoking the letters issued to the executrix; and 2. That Mrs. Von Muegge had a right to nominate her successor.

In support of the first point, the case of *Schroeder* v. *Superior Court*, 70 Cal. 343, is cited and relied upon. In that case the petitioner was appointed executrix of the will of her deceased husband, and afterward married. Special letters of administration upon the estate were then issued, the executrix never having resigned her trust, or been suspended or removed, or notified to appear and show cause why her letters should not be revoked. And it was held that, under the circumstances shown, the superior court had no power to make the order appointing a special administrator, the decision, it would seem, resting mainly upon the fact that when section 1352 of the Code of Civil Procedure is read in connection with other sections, the words, "her authority is extinguished," used in that section, must be construed as only the equivalent of "she ceases to be competent."

That case differs from this in an important particular. Here the court finds that the executrix, after her appointment, married and became the wife of Von Muegge, and that the paper signed by her, and reciting the fact of her marriage, and that she was "no longer authorized to be or act as executrix," and asking the court to appoint Eulert administrator of the estate, had been filed in court. That paper was the equivalent of an express resignation of her trust, and the court had the right to receive and act upon it as such. "Any executor or administrator may, at any time, by writing filed in the superior court, resign his appointment, having first settled his accounts, and delivered up all the estate to the person whom the court shall appoint to receive the same." (Code Civ. Proc., sec. 1427.) It is true, it does not appear that the executrix had settled her accounts or turned over the estate, nor does the contrary appear. It must be presumed, therefore, in support of the action of the court, that the law in this respect was fully complied with.

It is suggested that the executrix should have had an opportunity to appear in court and contest the averment of her marriage, and the genuineness of the paper asking for Eulert's appointment. But she was in court when the special administrator was appointed, and excepted to the order. She did this under the name of Margaret Von Muegge, and so far as the record shows, no question was then or ever made in that court as to the fact of her marriage or the genuineness of the paper referred to.

Our conclusion is, that the case of *Schroeder* v. *Superior Court*, 70 Cal. 343, is not in point; and that under the circumstances shown by the record here, the court below had jurisdiction to make the orders appointing both the special and general administrator, and that its action in this regard must be upheld.

As to the second point: When Mrs. Von Muegge requested the court to appoint Eulert as administrator, she had ceased, by reason of her second marriage, to be the widow, or in any strict sense the surviving wife, of the deceased. She had become incompetent to be appointed or to serve as executrix of the will. In *Estate of Cotter*, 54 Cal. 215, and in *Estate of Stevenson*, 72 Cal. 164, it was held that, under subdivision 1 of section 1365 of the Code of Civil Procedure, a surviving wife, though a non-resident of the state, might nominate a person to act as administrator of her deceased husband's estate. But the subdivision referred to does not meet the case in hand. Here the trouble is, not that the surviving wife was a non-resident, but that she had lost her *status* as such, and become only an heir or legatee of the decedent.

The rule declared in *Estate of Morgan*, 53 Cal. 243, seems therefore to be applicable. In that case, the nomination was made by the heirs and next of kin of deceased, and it was held that, as they were married women, and therefore incapable of administering upon the estate, their expressed preferences for the appoint-

ment of the administrator "were of no legal consequence whatever." It was further held that in any event the nominations were addressed to the mere discretion of the court, and were not controlling. (See also *Estate of Beech*, 63 Cal. 458.)

It results, in our opinion, that the order appealed from should be affirmed.

Foote, C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.

Hearing in Bank denied.