[No. 13139. In Bank. — April 26, 1890.]

IN THE MATTER OF THE ESTATE OF W. H. MOORE, DECEASED.

REMOVAL OF ADMINISTRATOR — LONG DELAY IN SETTLEMENT OF ESTATE — BURDEN OF PROOF — PRESUMPTION — EVIDENCE TO EXPLAIN DELAY. — When it is sought to remove an administrator for long delay in the settlement of an estate, the burden of proof rests upon the petitioner to show negligence or injury by reason of the delay; and the administrator has the right to rely upon the presumption in favor of fair conduct and faithful performance of official duty until evidence is offered tending to overcome it. The mere fact that the proceeding has been pending for sixteen years without a final account does not throw upon the administrator the duty of disproving the charge of negligence. But if he offers to explain the delay by evidence that the administration had been prolonged by reason of litigation, it is error to reject such evidence; and for the purpose of showing unavoidable delay and good faith, he has the right to introduce every paper in the case tending to show the history of the various proceedings had therein.

ID. — OPPORTUNITY TO BE HEARD. — The court cannot remove an administrator without giving him an opportunity to be heard.

ID. — EVIDENCE OF PAPERS ON FILE — ARGUMENT. — Papers on file in proceedings for the settlement of an estate cannot be considered as evidence, unless offered in evidence upon the hearing of a petition to remove the administrator; and the mere commenting on them in argument is not sufficient to entitle the party to have them considered as evidence.

APPEAL from an order of the Superior Court of Santa Cruz County revoking letters of administration.

The facts are stated in the opinion of the court.

*Hall & Rodgers,* and *Warren Olney,* for Appellant.

*Charles B. Younger,* for Respondent.

PATERSON, J. — The appellant, Thomas W. Moore, was appointed administrator of the estate of William H. Moore, deceased, March 4, 1872. On February 7, 1882, a petition was filed by the widow of deceased, asking the court to remove the administrator from his office, on the grounds that he was incompetent to act as administrator of the estate, and that he had neglected to have his accounts settled by the court, and had failed to turn over certain property which had been set apart as exempt from administration. On September 19, 1883, the court denied the petition; the widow thereupon appealed, and on January 27, 1886, this court dismissed the appeal, on the ground that an order refusing to remove an administrator was not appealable. (*Estate of Moore,* 68 Cal. 394.) On March 16, 1883, the widow asked the court below to appoint her administratrix of the estate, on the ground that Thomas W. had been committed to the insane asylum on April 28, 1881, and that since that time no order had been made appointing any person administrator of the estate. The court denied the request, and the widow again appealed. This court on appeal held that the fact that the administrator had been sent to an insane asylum did not create an absolute vacancy in the

administratorship of the estate, and the application having been made after his incapacity had been removed, and he had again entered upon the discharge of his duties as administrator, the court properly refused to appoint another in his place. (*Estate of Moore*, 68 Cal. 281.)

On July 14, 1887, the petition before us herein was filed in the court below, asking for the removal of the administrator, on the following grounds: 1. That he had failed to pay all the family allowance, and refused to deliver to the widow the possession of property set aside for her; 2. That he had failed to file his final account within a reasonable time; 3. That he had wrongfully prolonged the administration of the estate for the purpose of withdrawing from the estate the sum of six thousand dollars to pay the widow; 4. That he had used six thousand dollars of the fund of the estate to pay off a personal obligation; 5. That he had become mentally and physically incompetent to act as administrator; 6. That although he knew one of his bondsmen had removed from the state, no additional bond had been given; 7. That he improperly paid out certain sums of money. The appellant filed an answer denying all the charges.

The evidence introduced related to only two of the charges, namely, the first and the fifth.

The matter having been submitted for decision, the court, on September 7, 1888, filed the following findings and order: "The said Thomas W. Moore has wrongfully and willfully neglected said estate, and has unnecessarily, willfully, and wrongfully prolonged the administration of said estate, to the great detriment thereof. As conclusion of law, I find that the administrator should be removed from the administration of said estate, and his letters of administration revoked. Let an order be entered accordingly."

These findings were filed on September 7, 1888, and upon the same day a judgment was entered revoking the

letters of administration, and removing the appellant from his office as administrator of the estate.

The judgment is clearly erroneous. If it be conceded that there is an allegation in the petition upon which the finding of the court could be based, there is not a word of evidence in the record to support the finding. The only evidence offered by either party on the question of delay in the settlement of the estate was offered by appellant, and tended to show that the administration of the estate had been prolonged by reason of litigation, for which the administrator was not responsible, but the court, on the objection of respondent, excluded it. If it be assumed that the fact that the administration of the estate was continued for sixteen years without a final account is sufficient *prima facie* to justify the finding, it was clearly error to reject evidence offered by appellant tending to excuse the delay in closing the estate. To show unavoidable delay and good faith, the appellant was entitled to introduce in evidence, if he desired to do so, every paper in the case which tended to show the history of the various proceedings had therein, from their commencement to the time of trial. But as a matter of fact it is apparent that the issue referred to was abandoned by the petitioner at the trial. He made no attempt to prove his allegation. The burden of proof rested on him, and not upon the administrator; but he offered no evidence of negligence or of injury by reason of delay. Appellant had the right to rely upon the presumption of fair conduct and faithful performance of official duty until something was offered by the petitioner tending to overcome it; and the mere fact that the proceeding had been pending for sixteen years did not throw upon him the duty of disproving the charge of negligence.

The court could not of its own motion remove the administrator without giving him an opportunity to be heard. (Code Civ. Proc., secs. 1436–1440.) Neverthe-

less, this is practically what was done in this case; for not only was there no evidence offered by the petitioner to show unnecessary delay in the settlement of the estate, but as stated before, the administrator was not allowed to introduce evidence in his own behalf, which, if admitted, would have tended to show that for about ten years the widow had been prosecuting a claim for certain sums of money alleged to be due her as family allowance, and that the litigation had terminated only a few days before the trial of this action in a judgment denying her petition. It is true, this court had on a former appeal (60 Cal. 528) decided that the administrator was not entitled to have the six thousand dollars, paid in satisfaction of the bond referred to, allowed as a payment on account of family allowance, and to that extent his defense was not supported; but there is nothing to show bad faith on his part. The litigation was not commenced by him, and it resulted in no injury to the estate. In *Dick's Estate* v. *Gherke*, 6 Cal. 667, it is stated in the statement of facts that the order removing the appellant from the administration was made on an order to show cause. That case is authority only for the proposition that the appellate court will interfere with the exercise of the power conferred upon the probate judge in such matters only where there has been gross abuse of discretion. All the cases agree upon that matter. Here there was no evidence at all introduced in support of the charge of wrongfully prolonging the administration. The only theory upon which the finding can be supported is that all the papers filed, being matters of record in the proceedings, might be considered by the court as evidence in the case. But when the appellant applied here for an order for the insertion in the bill of exceptions of some of the papers filed in the proceedings, the application was denied, on the ground that they had not been offered in evidence. The fact that they had been commented on at the argument was held not to be sufficient to entitle

the party to have them considered as evidence. (*Estate of Moore*, 78 Cal. 244.)

Respondent again objects to the right of appellant to be heard, and moves to strike out the bill of exceptions, and to dismiss the appeal.

On August 21, 1889, the motion to dismiss was, after argument, denied in Department Two. On September 5th the court in Bank granted respondent leave to renew the motion, which was done, and after argument was again denied. Upon consideration of the points made, we are satisfied that the ruling in this regard was correct.

The judgment is reversed, and the cause is remanded for further proceedings.

BEATTY, C. J., FOX, J., and THORNTON, J., concurred.

Rehearing denied.