ESTATE OF CLARA CECILIA BEDELL, DECEASED.

[No. 11,494; decided March 25, 1892.]

Administrators—Order of Persons Entitled to Letters.—Section 1365 of the Code of Civil Procedure specifies ten classes of persons to whom letters of administration may be granted, who are entitled to letters in the order of enumeration. The parents constitute the third class; the public administrator the eighth class; and any person legally competent the tenth class.

Administrators—Nominee of Parents.—Section 1379 of the Code of Civil Procedure provides that administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in court. A nominee of the parents, although in his own right belonging to the tenth class, is, by virtue of the written request of the parents, entitled to precedence over the public administrator.

Administrator—Nomination by Surviving Spouse.—A surviving husband or wife, though not competent to serve on account of non-residence, may nevertheless nominate a suitable person for administrator.

Administrator—Nomination by Nonresident.—A nonresident, not being entitled to letters of administration, cannot, as a general rule, under section 1379, make a valid request for the appointment of another person.

**Administration—Right to Nominate.—**Section 1379 is limited in its operation by subdivision 1 of section 1365 to the particular instance of the surviving husband or wife only.

**Administration—Estoppel to Retract Nomination.—**Where the father of the decedent requested the appointment of a competent person as administrator, and his nominee applied for letters and thus went to expense and trouble, the father is estopped from withdrawing his waiver or retracting his renunciation.

Clara Cecilia Bedell died on October 16, 1891, leaving a will dated June 20, 1891, in which Richard V. Dey was named as executor.

On November 3, 1891, Edward W. Gunther filed a petition for letters of administration with the will annexed, alleging that Dey had renounced his right to act as executor, and that the mother of the decedent requested his, Gunther's, appointment as administrator. Annexed to the petition was the request of the mother.

On November 14, 1891, A. C. Freese, public administrator, filed a petition praying that letters be issued to him.

On December 7, 1891, Gunther filed an amended petition in which he stated that the father of the decedent also requested his appointment, and annexed to this amended petition was the request of the father.

On January 11, 1892, there was filed another paper signed by the father, dated January 9, 1892, and requesting that the public administrator be appointed administrator of the estate.

W. F. Herrin and Arthur Rodgers, for E. W. Gunther, nominee of parents.

J. D. Sullivan and James G. Maguire, for A. C. Freese, Public Administrator.

COFFEY, J. Testatrix died leaving a will nominating one Richard V. Dey as executor. Dey renounced and Gunther applied for letters of administration, with the will annexed, upon request preferred in writing of the father and mother. The father expressly waived and relinquished his right to be appointed, and requested the appointment of Gunther. Subsequently, and after the case was submitted for consideration,

he undertook to retract this relinquishment and requested the appointment of the public administrator.

The first brief was filed January 5th, the last brief February 6, 1892; the first requested of the father, in favor of Gunther, December 7, 1891, and the second request (the last up to date) January 9, 1892. I shall treat the case, first, as it stood at the submission, and, secondly, as it is claimed to have been modified by the second request of the father.

Section 1365 of the Code of Civil Procedure specifies ten classes of persons to whom letters of administration may be granted, who are entitled to letters in the order of enumeration. The father and mother constitute the third class, the public administrator the eighth class, and the last or tenth class includes the applicant, Gunther.

Section 1379 of the Code of Civil Procedure provides: "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court."

The public administrator contends that the written request of the father and mother, in favor of a person within the tenth class, cannot supersede his right to letters, as under section 1365 he is entitled before a person of the tenth class.

This construction of the law denies to section 1379 any effect or force whatever, because, if the priority of right to letters specified in section 1365 must always prevail, then it is idle to make a written request for the appointment of any person except he be the one next entitled to letters of administration after the person making the request. In such case the person entitled could simply decline to apply for letters, and would thus accomplish his object fully without making any written request. But section 1379 expressly provides that letters of administration may be granted to a "competent person," "not otherwise entitled to the same, at the written request of the person entitled." If the legislature intended that the right of the person next in order could not be superseded by the written request of the person entitled, it certainly would have indicated such intention by appropriate language. But the statute does not say that only the person next entitled to letters may be appointed at the request of the person entitled; on the contrary, it says that a "competent person," "although not other-

wise entitled," may be apointed at the request of the person entitled. A "competent person" may be included in the tenth class of section 1365, and may be appointed at the request of the person entitled, whichever class he may be within, whether the class immediately preceding or not.

It is argued that this construction of these sections denies any effect to that portion of subdivision 1 of section 1365 which provides that the surviving husband or wife may request to have appointed any competent person, such person being entitled first in order to letters. But it is obvious that this provision of subdivision 1 has application to cases other than those governed by section 1379, as under section 1379 only persons who are themselves entitled to letters can make a written request for the appointment of another person; but, under subdivision 1 of section 1365, a surviving husband or wife can make such request, although he or she may not be personally entitled to letters.

That a surviving husband or wife, though not competent to serve on account of nonresidence, may, nevertheless, nominate a suitable person for administrator is decided in the following named cases: Estate of Cotter, 54 Cal. 215; Estate of Stevenson, 72 Cal. 164, 13 Pac. 404; Estate of Dorris, 93 Cal. 611, 29 Pac. 244.

On the other hand, it is held that a nonresident, not being entitled to letters of administration, cannot, under section 1379, make a valid request for the appointment of another person: Estate of Beech, 63 Cal. 458; Estate of Hyde, 64 Cal. 228, 30 Pac. 804.

As is said in the Stevenson case (72 Cal. 166, 13 Pac. 404): "Section 1379 accords to persons other than the surviving husband or wife the right of nominating an administrator, but has no reference to such husband or wife and their rights in that matter, which are fixed and determined by section 1365."

Therefore, the construction adopted by this court gives force and effect to all the provisions of the sections of the code in question, while the contrary construction denies to section 1379 any force or effect whatever.

Now, what is the effect of the second request of the father filed after the submission of the applications? Does it mate-

rially modify the situation, or change the legal relation or circumstances of the parties to this controversy?

Section 1379 is limited in its operation by subdivision 1 of section 1365 to the particular instance of the surviving husband or wife only. By this construction both sections can be given effect. "They should be so construed as to maintain both, if possible": Camp v. Grider, 62 Cal. 26.

"Such a construction must therefore be given to those provisions of the codes that both may, if possible, have effect": Gonzales v. Wasson, 51 Cal. 297.

The present being an instance of the request by the mother and father, and not embraced in the exceptional case of subdivision 1 of 1365, is therefore covered by 1379, and the requests and petition on behalf of petitioner Gunther should be granted as matter of right: Estate of Allen, 78 Cal. 585, 21 Pac. 426; Estate of McDougall, 1 Cof. Pro. Dec. 109; Estate of Lane, 1 Cof. Pro. Dec. 88; Estate of Keenan, Myr. Pro. 186.

The father's second request, filed January 9, 1892, should be disregarded, because he had already exercised his statutory right by his written request attached to Gunther's petition, filed December 7, 1891, wherein he states: "I . . . . do hereby waive and relinquish my right to be appointed such administrator and to such letters of administration, and do hereby request and ask said court to appoint Edw. W. Gunther . . . . administrator, with the will annexed, of the estate of said Clara Cecilia Bedell, deceased, and to issue such letters of administration to him," and he cannot revive his privilege, nor retract his waiver and request, as against the petitioner Gunther, who acted upon the same.

". . . . the appellant, having renounced her right to administer in favor of the respondent, cannot now retract her renunciation, and her petition for letters was properly denied": Estate of Moore, 68 Cal. 283, 9 Pac. 164; Estate of Arguello Minors, No. 4170, Coffey, J.

He is, "upon familiar principles, estopped now from withdrawing his assent and waiver or renunciation": Estate of Kirtlan, 16 Cal. 165; Estate of Keane, 56 Cal. 410.

I think that it may be said that the father "encouraged Gunther to go to expense and trouble in applying for this office," and that, hence, he was estopped at the date of the sec-

ond request from withdrawing his waiver or retracting his renunciation.

I do not think that the Estate of Morgan, upon which counsel for the public administrator so strongly relies, can be properly applied to the case at bar. Certainly not as to the first reason assigned by the supreme court (see 53 Cal. 243), and the second reason seems to have been hypothesis purely. In that case the supreme court said that the fact that "Croly had been recommended to the probate court by the next of kin as being a suitable person to administer upon the estate (under the Code of Civil Procedure, section 1379, as amended in 1878), did not give him any preference over the public administrator in claiming the administration of the estate, and this for two reasons:

"1. The distributees and next of kin in this case are married women, and incapable, therefore, themselves, of administering upon the estate, and their expressed preferences for the appointment of Croly, as set forth in their petition filed in the probate court, were of no legal consequence whatever.

"2. But had it been otherwise in this respect, and had the next of kin been laboring under no such disability, their petition requesting the appointment of Croly was addressed to the mere discretion of the probate judge; it did not operate to supersede the claim of the public administrator, otherwise established under the statute, to receive letters of administration."

Application of Gunther granted.

---

The Principal Case was Affirmed by the supreme court in 97 Cal. 339, 32 Pac. 323.

A Person Nominating Another for Appointment as Administrator must himself be competent to fill the office, except that a surviving husband or wife has an absolute right to nominate a fit person to serve in his or her stead. It follows that a nonresident father or brother of a decedent is not entitled to nominate an administrator of his estate; but that a surviving spouse, though incompetent to act as administrator because of nonresidence, is entitled to nominate some person competent for the position: Estate of McDougal, 1 Cof. Pro. Dec. 109, and note; 1 Ross on Probate Law and Practice, 341.