# IN THE MATTER OF THE ESTATE OF WILLIAM F. HAMILTON, Deceased.

PUBLIC ADMINISTRATOR'S AUTHORITY TO ADMINISTER ON A PARTICULAR ESTATE.—
The Public Administrator of the City and County of San Francisco can take upon himself the duties of an administrator of a given estate only by virtue of a special grant from the Probate Court, made upon a petition therefor filed in the matter of such estate. He does not, by virtue of his office, acquire the right to administer upon any particular estate.

ONE ADMINISTRATOR ONLY AT ONE AND THE SAME TIME.—While one administrator of an estate is in office, there is no power in the Probate Judge or Court to appoint a new one.

APPOINTMENT OF ADMINISTRATOR—HOW MADE.—The order for the appointment, as provided in section sixty-two of the Probate Act, the qualification of the appointee, and the issuing of letters to him thereon, are all necessary proceedings to invest such appointee with the office of administrator of an estate. The appointment is *in fieri* until the appointee has qualified and received his letters.

PROOF OF OFFICIAL CHARACTER AS ADMINISTRATOR.—Under our statute, an administrator can only establish his official character, when denied, by the production of his letters with the oath of office annexed, or of a certified copy of the record thereof, made according to the requirements of section seventy-two of the Probate Act.

APPEAL from the Probate Court, City and County of San Francisco.

William F. Hamilton died intestate in the City and County of San Francisco, State of California, on the 14th day of June, 1862, leaving estate therein. On the 2d day of July, 1862, Adolphus Hollub, at that time Public Administrator of the City and County of San Francisco, filed his petition in the Probate Court of said city and county, setting forth sufficient facts to confer jurisdiction upon the Court, and praying for letters of administration upon said estate; due and legal notice of such application was given by the Clerk of said Court, and on the 21st day of July, 1862, an order was made and entered, appointing the petitioner, Adolphus Hollub, administrator of the estate, upon his taking the oath prescribed by law. It does not appear from the records of the Probate Court that Hollub ever subscribed or took the oath required by the statute, or that letters of administration upon the estate were ever issued to him.

On the said 2d day of July, 1862, an order was also made appointing three appraisers to appraise the estate, but no inventory and appraisement were ever filed by Hollub. On the 23d day of July, 1862, an order was made directing the publication of notice to creditors of said deceased, and such notice was published by Hollub for the time and in the manner prescribed by the order.

The claim of one Patridge was presented to and allowed by Hollub, as administrator of the estate, on the 16th day of May, 1863, which claim was also approved by the Probate Judge, and filed in the Court; but no other acts appear from the records or files of the Court to have been done, or other proceedings taken by him in the matter of the estate.

On the 3d day of April, 1865, a petition for letters of administration upon the estate was filed in said Court by J. W. Brumagim, the then duly elected and qualified Public Administrator of the City and County of San Francisco, setting forth the death of Hamilton in said city and county, that he left estate therein, that he was unmarried, and that his heirs at law were unknown to the petitioner, and praying for letters of administration upon his estate. On the same day an order was made by the Probate Court, directing the usual and legal notice to be given by the Clerk of the Court of the hearing of said petition, on the 13th day of April, 1865, which notice was duly and regularly given according to law; and on the said thirteenth day of April, upon proof of the facts set forth in the petition, an order was made and entered by the Probate Court, appointing J. W. Brumagim the administrator of the estate upon his taking the oath prescribed by the statutes. No person interested in the estate appeared at the hearing of the last mentioned petition to contest the same. On the 28th day of November, 1866, Brumagim duly qualified as such administrator, and letters of administration on said estate were issued to him on that day. On the 30th day of November, 1865, orders were made and entered by the Probate Court, directing a notice

59

to the creditors of said deceased to be published, and appointing appraisers to appraise the estate of the deceased. Brumagim published the notice to the creditors of deceased for the time and in the manner prescribed by said order, and on the 14th day of January, 1867, filed his inventory and appraisement of the estate. On the 7th day of February, 1867, Brumagim, as administrator of the estate, filed his petition in Court, praying for an order of sale of real estate belonging to the estate, for the purpose of paying the debts outstanding against the deceased, and the charges and expenses of administration upon the estate.

At the hearing of this petition, on the 1st day of May, 1867, objections were made to the granting of said order of sale by one Hugh Hamilton, claiming to be the brother and only heir at law of deceased, on the ground, among others, that Brumagim was not the legally appointed administrator of the estate, and that Hollub was such administrator.

The Court by its order denied the said petition of Brumagim, and revoked and annulled his said letters of administration, from which order Brumagim appealed to this Court.

The other facts are stated in the opinion of the Court.

*Haight & Temple*, for Appellant.

The Public Administrator does not take charge of an estate *virtute officii*, but there must be a judicial grant of administration in each estate. (*Beckett* v. *Selover*, 7 Cal. 215; *Rogers* v. *Hoberlin*, 11 Cal. 120; Probate Act, Sec. 52.) The Public Administrator is but one of a class to whom letters may be issued. (*Rogers* v. *Hoberlin*; Probate Act, Sec. 52.) A special statute in reference to San Francisco provides that the Public Administrator shall " procure letters of administration upon each estate as in other cases," *i. e.*, as other persons who apply for letters are required to do. (Laws 1860, p. 105.) In this case letters were never issued to Hollub.

*McCullough & Boyd*, for Respondent.

The appointment of a new administrator cannot be made whilst a former administrator is in office. (*Haynes* v. *Meeks*, 20 Cal. 310, 311.) A judicial grant of administration was made to Hollub, after due and legal proceedings taken, on July 21st, 1862. That grant was a distinct and independent proceeding in the nature of an action of which the petition was the commencement, and the order making the grant was the judgment, like the proceeding for the sale of the real estate of an intestate. (*Spriggs' Estate*, 20 Cal. 124.) From that order an appeal lay. (Probate Act, Sec. 297.) Unless appealed from, or properly revoked, it is conclusive. It cannot be attacked collaterally. (*Garwood* v. *Garwood*, 29 Cal. 520.) Although it does not appear *affirmatively* from the records that Hollub took the oath or that letters were issued to him, yet these will be presumed when attempted to be questioned collaterally. What ought to have been done is conclusively presumed to have been done. Nor, in this collateral proceeding, was it permissible to show by evidence *aliunde* that letters did not issue. The Probate Court is a Court of superior jurisdiction, and if the record is silent, everything will be presumed to have been rightly done. (*Hahn* v. *Kelly*, *ante* 391; Stats. 1863, p. 339, Sec. 46. See, also, *Magraw* v. *McGlynn*, 26 Cal. 430; *Boyd* v. *Blankman*, 29 Cal. 42; *Lucas* v. *Todd*, 28 Cal. 182; *Elden* v. *Keddell*, 8 East, 187; *Ramsbottom* v. *Buckhurst*, 2 M. & S. 567; *Davis* v. *Williams*, 13 East, 232; 2 Williams on Executors, 4th Am. ed., *1,611.) The grant of administration having been made, and Hollub having acted, and the Court having recognized him in his official capacity, whatever was necessary to authorize him to act will be presumed, when raised collaterally. The maxim applies—*Probatis extremis, præsumuntur media*. (*Pratt* v. *McCullough*, 1 McLean, 73.)

By the Court, SANDERSON, J. :

A Public Administrator of the City and County of San Francisco does not, by virtue of his office, acquire the right to administer upon any particular estate. Like all other persons to whom letters of administration may be granted, as provided in the fifty-second section of the Probate Act, he can take upon himself the duties of an administrator of a given estate only by virtue of a special grant from the Probate Court, made upon a petition filed in the matter of such estate. (Statutes 1860, p. 105; *Beckett* v. *Selover*, 7 Cal. 216; *Rogers* v. *Hoberlin*, 11 Cal. 128.)

Such being the rule, the only further question presented is: Does the record show a grant of administration to Hollub? If so—there being no pretense that the grant was subsequently revoked—the subsequent appointment of Brumagim was void, for it has been expressly held that " the appointment of a new administrator can no more be made whilst a former administrator is in office than an appointment can be made in the first instance until the death of an intestate." (*Haynes* v. *Meeks*, 20 Cal. 310, 311.) But if Hollub never obtained a grant of administration from the Probate Court, there is no pretense but that the appointment of Brumagim was regular and valid.

As to the alleged appointment of Hollub, the case shows only that he filed a petition asking for it; that legal notice of his application was given; that, at the hearing the usual order, as provided in section sixty-two of the Probate Act, directing that letters of administration be issued to him upon his qualifying, as provided in section seventy-two, was made; that on the same day the usual order appointing appraisers was made; that subsequently an order directing the usual notice to creditors to be published was also made; that the notice was in fact published according to law, and that one Patridge subsequently presented a claim against the estate, which was allowed by Hollub, and also approved by the Probate Judge. With this the showing stops. No letters

of administration with the oath of office attached is shown, nor the record thereof, which the statute required to be made. (Sec. 72.) On the contrary, the affidavit of Hollub himself shows that to the best of his knowledge he never took the oath of office, and that no letters were ever issued to him.

Does this show a grant of adminstration to Hollub? Clearly not. The order directing letters to be issued to him, upon his qualifying in the manner provided in section seventy-two, was only one step towards his appointment. It did not, of itself, vest him with the office. His appointment was *in fieri*, until he had qualified, and received his letters. (Sec. 72.) The order, as the statute intends all such orders shall be, was conditional, and did not take effect, because the condition was never complied with. The order of the Court, in such cases, does not, of itself, under our statute, constitute the grant of administration, and a certified copy as evidence does not, as claimed by counsel for the respondent, establish the official capacity of an administrator in a collateral proceeding. Under our statute an administrator would have to establish his official character, if denied, by the production of his letters with the oath of office annexed, or of a certified copy of the record thereof, which the statute requires to be made. (Sec. 72.) The mode of procedure provided by our statute, differs from that disclosed in the cases of *Elden* v. *Keddell*, 8 East, 187, and *Davis* v. *Williams*, 13 East, 232, upon which respondent relies. In each of these cases, the order of the Court recited, that the Administrator had been first sworn to duly administer.

Order reversed, and cause remanded for further proceedings.