NATHANIEL PRYOR, Respondent, v. JOHN G. DOWNEY, MATTHEW KELLER and WALLACE WOODWORTH, Appellants.

No. 3377; August 3, 1874.

Probate Sales.—The Curative Act of April 2, 1866, "in relation to probate sales," by the use of the words "defects of form, omissions or errors," cannot be construed as embracing such matters as the want of power in the person assuming to act as an administrator or the absence of jurisdiction in the court which ordered the sale.

APPEAL from Seventeenth Judicial District, Los Angeles County.

Glassell, Chapman & Smith for respondent; James H. Lander and Kewen & Howard for appellants.

See Pryor v. Downey, 50 Cal. 388, 19 Am. Rep. 656.

RHODES, J.—The plaintiff claims title to the premises in controversy under the will of his father, Nathaniel M. Prior, deceased, and the defendants claim title through a sale and deed made in 1853 by the administrator with the will annexed of said deceased. The proceedings in the probate court were attacked by the plaintiff on many grounds, but we find it necessary to notice only one of them. On the 3d of February, 1851, the court made the following order: ''In the matter of the Estate of Nathaniel M. Prior—proof having been made to the court that notice has been given according to law of the application for letters of administration now pending, and no person appearing to contest said application; it is ordered by the court that Thomas Forster be appointed administrator with the will annexed of Nath. M. Prior, and that he give security according to law, and that until the filing of bond the said Thomas Forster is appointed special administrator of said estate.'' Among the papers of the estate there was found a bond purporting to be the bond of Forster as such administrator, signed by him and one surety; but it was not filed, the surety did not justify, nor did the probate judge approve the bond.

It does not appear that letters of administration were issued to Forster or that he took or subscribed the oath prescribed for administrators. The seventy-second and seventy-third sections of the Probate Act then in force provided that before the letters should issue, the administrator should take and subscribe an oath to perform according to law the duties of administrator, and should execute a bond to the state, with two or more sureties, to be approved by the probate judge. The bond in this case, even if it had been filed, cannot be regarded as the bond provided for by the statute. Whatever may be the rule as to the necessity for proof that letters have in fact issued, in a case where the order for letters was

made, and the appointee qualified and filed his bond and the bond was duly approved, it is beyond all question that in the absence of proof that letters issued, he will not be held to be the administrator, unless he has qualified and given the requisite bond and the bond has been approved by the probate judge. Until these acts are performed, he is not entitled to receive letters; his appointment is in fieri: Estate of Hamilton, 34 Cal. 469. The order in this case speaks the same language. Forster is appointed special administrator until the filing of his bond as administrator with the will annexed. We are, therefore, compelled to hold that he was not the administrator with the will annexed of Nathaniel M. Prior, deceased. The statute did not authorize a special administrator to sell real estate. The probate court, therefore, had no authority to make the order of sale in this case; and in our opinion both the proceedings in the probate court and the administrator's deed are void.

The defendants, however, contend that the objections to the proceedings in the probate court are cured by the act of April 2, 1866, "in relation to probate sales": Stats. 1865–66, p. 824. The act is as follows, omitting the proviso: "In all cases where real estate has been sold in this state, under the order of the probate courts of the several counties, to purchasers in good faith for a valuable consideration, and defects of form, or omissions or errors exist in any of the proceedings, such sales are hereby ratified, confirmed and made valid and sufficient in law to transfer the title of the property sold."

We are not called upon in this case to determine whether "the proceedings" mentioned in the statute should be construed as including anything besides the proceedings for the sale of the real estate; for, in our opinion, the words "defects of form, omissions or errors" cannot be construed as embracing such matters as the want of power in the person assuming to act as an administrator, or the absence of jurisdiction in the court which ordered the sale. Those words are not synonymous with, and do not include a want of, power or jurisdiction. Had the legislature intended to exercise the questionable power of ratifying and confirming all sales made under the orders of courts which had no jurisdiction to make the orders, or made by persons who had no authority to sell

the real estate, the purpose would have been expressed in clear and unequivocal terms. Those words, like all the words of a statute, must be construed as having been used in their ordinary acceptation; and in that sense they do not signify or include a want of power or jurisdiction in the administrator or probate court.

Judgment and order affirmed.

We concur: McKinstry, J.; Niles, J.

CROCKETT, J.—It was admitted at the trial that the will of Nathaniel M. Prior, deceased, was duly probated. This gave the court jurisdiction to proceed with the administration of the estate. But it is said it does not appear that the administrator ever qualified or that letters were ever issued to him; and, moreover, that the petition for the sale of the land omitted to state the necessary jurisdictional facts. It is also claimed that certain other irregularities occurred in the proceedings for the sale of the land.

If all this be conceded, we think the proceedings were validated by the curative act of April 2, 1866, which provides that "in all cases where real estate has been sold in this state, under the order of the probate courts of the several counties, to purchasers in good faith for a valuable consideration, and defects of form or omissions or errors exist in any of the proceedings, such sales are hereby ratified, confirmed and made valid and sufficient in law to transfer the title of the property sold": Stats. 1865–66, p. 824. The defects complained of are only "omissions or errors" in portions of the proceedings which culminated in a sale of the land. There was no fraud in the sale, and the land was sold to a bona fide purchaser for a valuable consideration.

This brings the case fully within the letter and spirit of the curative act. Nor do I think that upon the facts disclosed by the record the legislature had not the constitutional power to validate the proceedings of the probate court and render the deed effectual to pass the title.

I am therefore of opinion that the judgment ought to be reversed.

I concur: Wallace, C. J.