[No. 11152. In Bank. — July 30, 1886.]

EUGENIE H. SCHROEDER, PETITIONER, v. SUPE-
RIOR COURT OF SAN MATEO COUNTY ET AL.,
RESPONDENTS.

ESTATE OF DECEDENT — APPOINTMENT OF SPECIAL ADMINISTRATOR — PRIOR
APPOINTMENT OF EXECUTRIX — SUSPENSION AND REMOVAL. — Where
letters testamentary have been issued to an executrix, the superior
court has no power afterwards to appoint a special administrator of the
estate, unless the executrix is first suspended or removed.

ID. — EXECUTRIX NOT REMOVED BY APPOINTMENT OF SPECIAL ADMINISTRA-
TOR. — An ex parte order appointing a special administrator does not
operate as a removal of an executrix previously appointed.

ID. — MARRIAGE OF EXECUTRIX — EFFECT OF. — Under section 1352 of the
Code of Civil Procedure, the marriage of an executrix does not eo instanti
deprive her of the power to act. It merely renders her incompetent, so
that she may be proceeded against for suspension and removal as pro-
vided by the code.

PROCEEDING for a writ of review to annul an order of
the Superior Court of San Mateo County appointing one
Caroline Hawes the special administratrix of the estate
of Horace Hawes, deceased. Horace Hawes died testate
on the 19th of December, 1884. The petitioner, his then.
surviving widow, was nominated as the executrix of his
will, and letters testamentary thereon were issued to her
on the 22d of January, 1885. On the 2d of July, 1885,
she married J. B. Schroeder, and has since been his
wife. The order appointing the special administratrix
was made on the 15th of July, 1885, without notice to
the petitioner, and before she had been suspended or
removed as executrix. The further facts are stated in
the opinion of the court.

·J. C. Bates, and D. M. Delmas, for Petitioner.

George C. Ross, for Respondents.

The COURT. — This is an action to annul by certiorari
an order of the Superior Court appointing a special ad-
ministratrix. The petitioner was duly appointed execu-
trix of the will of deceased, and has never been suspended

or removed.    The Superior Court had therefore no power to appoint the special administratrix.    (Code Civ. Proc., sec. 1411.)

If it be said that the order appointing a special administratrix operated a removal of the executrix, the conclusive answer is, that she has never been cited to appear, nor did she appear, to show cause why her letters should not be revoked. (Code Civ. Proc., secs. 1436–1438.)

It is urged, however, that by virtue of section 1352 of the Code of Civil Procedure, when the executrix married her authority was "extinguished," and that the fact of marriage deprived her *eo instanti* of all her powers.    But as we have seen, if this construction were given the section last cited, it would follow that no special administrator could be appointed.    We think when section 1352 is read in connection with sections 1350, 1411, 1436, 1437, and other sections, it sufficiently appears that the words "her authority is extinguished," are employed as the equivalent of "she ceases to be competent."    She becomes incompetent, and may be proceeded against for suspension and removal as provided in section 1436 and the sections immediately following.

Are all the acts of an executrix who has secretly married, or married without the fact having reached the knowledge of the judge, absolutely void?    If so, they are void, and may be attacked or disregarded after a final accounting and discharge.

It would be difficult to distinguish between one never competent to serve as executrix and one whose capacity to serve as such has become extinguished.    But if one originally appointed executrix was in fact under age or a convict, she is clothed with all the powers of the office until she is suspended or by proper proceedings removed. Does a different rule obtain where by reason of an act done *in pais* one originally competent has made herself incompetent?

The intent of the statute is apparent from the language employed. If doubt remained as to the proper interpretation of the sections of the code, we conceive it would be proper so to interpret them as to afford the executrix an opportunity to admit or deny the marriage, and as requiring an adjudication which shall be record evidence of the marriage (if the court shall find the marriage had taken place), and which shall relieve subsequent proceedings of administration free from all liability to collateral attack.

Order annulled.

THORNTON, J., concurred in the judgment.

MYRICK, J., and SHARPSTEIN, J., dissented.

Rehearing denied.