[S. F. No. 1300.   Department One.—April 21, 1900.]

A. C. FREEMAN, Respondent, v. JOHN C. SPENCER, Appellant.

PARTITION—FINDINGS—CONVEYANCE BY SECOND ASSIGNEE IN INSOLVENCY —DUE APPOINTMENT— COLLATERAL ATTACK — PRESUMPTION — DISCHARGE OF FIRST ASSIGNEE.—In an action for partition, where plaintiff's title depends upon a conveyance of the undivided property of a partner, made by a second assignee in insolvency under an order of sale and confirmation, and the court finds that the appointment of the second assignee was duly given and made, and that he thereupon became and ever since continued to be the qualified and acting assignee, it must be presumed, as against a collateral attack in the action for partition, that the order of appointment of the second assignee was regularly made within the jurisdiction of the court in the insolvency proceedings, and that it was supported by proof of the discharge of the first assignee and that the first appointment was no longer in force.

ID.—TITLE OF ASSIGNEE IN INSOLVENCY—RELATION—INTERVENING JUDGMENT QUIETING TITLE.—The title of an assignee in insolvency relates to the filing of the petition in insolvency, and must pre-

vail over an intervening judgment to quiet the title of a third party against one of the insolvent debtors, rendered after the filing of the petition, and before the date of the assignment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Bahrs, Judge.

The facts are stated in the opinion.

Dunne & McPike, and Walter H. Linforth, for Appellant.

The appointment of a second assignee by the court was void, and any sale made under such second appointment was void, though approved by the court. (*Haynes v. Meeks,* 20 Cal. 311; *Estate of Hamilton,* 34 Cal. 468; *Schroeder v. Superior Court,* 70 Cal. 343; *In re Griffith,* 84 Cal. 110.) In actions for partition, all of the parties are actors, and each must recover on the strength of his or her own title. (*Morenhout v. Higuera,* 32 Cal. 295; *Senter v. De Bernal,* 38 Cal. 642; *Ripple v. Gilborn,* 8 How. Pr. 456; *Porter v. Lee,* 6 How. Pr. 491; *Hamilton v. Morris,* 7 Paige, 39; *Larkin v. Mann,* 2 Paige, 27; *Griggs v. Peckham,* 3 Wend. 436.)

Freeman & Bates, for Respondent.

The presumption is that the court in insolvency acted within its jurisdiction, and that the second assignee was a regularly appointed officer. (Code Civ. Proc., sec. 1963, subd. 12; *Hahn v. Kelly,* 34 Cal. 391; *Carpenter v. Oakland,* 30 Cal. 439; Freeman on Judgments, 216, note 2; *Barrett v. Carney,* 33 Cal. 530; *Ohleyer v. Bunce,* 65 Cal. 544; *Luhrs v. Kelly,* 67 Cal. 289; *Mogk v. Peterson,* 75 Cal. 496; *Pope v. Kirchner,* 77 Cal. 153; *Fitzgerald v. Neustadt,* 91 Cal. 600.) Proceedings in insolvency are favorably construed, and are not subject to collateral attack. (*Luhrs v. Kelly, supra; Mogk v. Peterson, supra; Best v. Johnson,* 78 Cal. 220; *Fitzgerald v. Neustadt, supra; Dambmann v. White,* 48 Cal. 439; *Cone v. Purcell,* 56 N. Y. 649.) No matter when the assignment was executed, it related to the date of the filing of the petition in insolvency, to wit, September 29, 1887 (*State etc. Co. v. San Francisco,* 101 Cal. 142; *Rued v. Cooper,* 109 Cal. 682); and any proceedings taken against Cadwell after the date of that petition could not affect the

title of his assignee or of any purchaser from the latter. (*Duffield v. Horton*, 73 N. Y. 218; *Bank v. Sherman*, 101 U. S. 403; *Mays v. Manufacturing Co.*, 64 Pa. St. 76, 77; *Wickersham v. Nicholson*, 14 Serg. & R. 118; *Howard v. Compton*, 12 Blatchf. 328-31.)

CHIPMAN, C.—Partition. The court adjudged that plaintiff and defendant Spencer were tenants in common of the land in question, and each the owner in fee of an undivided one-half interest therein. Defendant Spencer appeals from the judgment on the judgment-roll.

On August 27, 1887, J. A. Cadwell and J. T. Haskins were copartners doing business in Sonoma county. Proceedings were taken by their creditors to have the said Cadwell and Haskins declared insolvents, and on September 12, 1887, they were so adjudged to be, and on October 20, 1887, M. D. Goshen qualified as assignee; on the same day the clerk of the superior court made an assignment of the property of said insolvents to the assignee, the effect of which appellant claims was to transfer the partnership property only, and did not convey the property in question, which latter the court found to be the individual property of Cadwell. On September 10, 1892, an order was made in the insolvency proceeding purporting to appoint P. W. Todd as assignee of the estate of the insolvents, and on September 14, 1892, Todd qualified, and on the day following the clerk made and executed to him the usual assignment; on February 18, 1893, Goshen, the first assignee, also executed an instrument to Todd, the second assignee, purporting to convey to Todd all of the property of insolvents held by Goshen; on December 15, 1892, the court made an order directing Todd to sell all the interest of the insolvents in the land in question, and by virtue of such order Todd sold the land to plaintiff, and the sale was confirmed by the court on February 16, 1893, and Todd thereupon, on March 9, 1893, conveyed the premises to plaintiff, and plaintiff now claims through this deed. Appellant claims all the property through certain tax sales and subsequent decrees quieting the title in certain actions wherein Cadwell was a defendant, but plaintiff was not a party. The court found against appellant on his tax title, but found in his favor as to an undivided one-half

interest in the property, probably as the result of the action to quiet defendants' title. This finding is not involved; it does no injury to plaintiff and need not be further noticed.

Appellant contends that the appointment of Todd was void, and the sale by him to plaintiff conveyed no title; that the record fails to show any order removing or discharging Goshen, and, therefore, it follows that Todd was appointed while Goshen was still the assignee. It is claimed that the rule should be the same as in the case of administrators, and that it has been frequently held here that the appointment of a second administrator before the first one is removed is void. (Citing *Haynes v. Meeks*, 20 Cal. 288; *Estate of Hamilton*, 34 Cal. 464; *Schroeder v. Superior Court*, 70 Cal. 343; *In re Griffith*, 84 Cal. 107.) In these cases it appeared from the record that the second appointment was made while the first appointee was in office and before any order had been made discharging or removing him. In the case before us the complaint alleged: "That on March 17, 1890, the court last named, by its order then duly given, made, and entered, discharged said assignee [Goshen] from all further duty as such, and on September 10, 1892, by another order then duly given, made, and entered, appointed P. W. Todd assignee," etc. This averment was sufficient to allege jurisdiction to appoint Todd. (Code Civ. Proc., sec. 456.) There is no finding that Goshen was discharged, but there is a finding that on September 10, 1892, an order was duly given and made appointing Todd, and the order is set out in the finding, and it is found that "he thereupon became, and ever since continued to be, the qualified and acting assignee," etc. Our superior courts are courts of general or superior jurisdiction, and, whether sitting in probate or in insolvency proceedings, they do not lose their character as such courts. If, in the cases cited by appellant, the fact had not appeared in the record that the first appointee was still in office when the second one was appointed, and the question had arisen on a record showing a first appointment followed by an order duly given and made appointing another person, they would have borne some analogy to the case we have here.

In *Haynes v. Meeks*, *supra*, relied on by appellant, the presumptions attending judgments of the court were overcome by

facts which appeared showing that the first administrator had
not been removed. The petition alleged that the "administra-
tion of Smith [the first administrator] had fully ceased and de-
termined," but the court said: The averment "is without force
against the record evidence to the contrary." The court in
the present case not only made the appointment and the ap-
pointee acted thereunder, but subsequently the court confirmed
the sale made by the assignee, and, so far as the record shows,
these proceedings were regular. It must be presumed that the
court acted within its jurisdiction. Respondent calls attention
to the code presumption "that a person acting in a public office
was regularly appointed to it" (Code Civ. Proc., sec. 1963, subd.
14), and "that a court or judge, acting as such, whether in
this state or any other state or country, was acting in the
legal exercise of his jurisdiction." (Code Civ. Proc., sec. 1963,
subd. 16.) To this appellant replies that there is a finding
that Goshen was appointed and qualified long prior to the ap-
pointment of Todd, and that the section of the code, cited by
respondent, subdivision 32, provides: "That a thing once proved
to exist continues as long as is usual with things of that na-
ture." As to this latter provision it might well be said that
the office of assignee once created cannot be presumed to ex-
ist in the face of an appointment subsequently made by the
same court which the record declares was "duly and regularly
made," and nothing appearing to contradict the finding.

Furthermore, it is not "usual" for an officer to continue in
office after a successor has been duly appointed and has quali-
fied. But it is not necessary to rest our decision upon either
of the statutory presumptions referred to above. We think
that the presumption which attends the last order of the court,
appointing Todd, overcomes any presumption that the first or-
der is still in force. It may be, as is claimed, and as was said
in *Haynes v. Meeks, supra,* that "the only competent proof of
revocation of letters is an order of the court directing it," but
the presumption steps in to support the jurisdiction, and sup-
plies this proof or whatever proof was necessary. This is a
collateral attack, and the presumption is that the proof was
forthcoming. (Freeman on Judgments, 4th ed., sec. 124, and
cases cited, p. 210, note 2. See *Colton etc. Co. v. Swartz,* 99
Cal. 278.)

Appellant's contention rests upon the assumption: 1. That Todd was not legally appointed and therefore could convey no title to plaintiff; and 2. That Goshen never acquired any interest in Cadwell's individual property and therefore had nothing to convey. As we have held that Todd's appointment must be presumed to have been regular, it is not necessary to decide whether the assignment by the clerk to Goshen carried the title to Cadwell's individual property. Appellant does not dispute that the assignment to Todd was in due form and conveyed the title to Cadwell to his individual property if Todd's appointment was valid. It is true that the assignment by the clerk to Todd was subsequent to the judgment against Cadwell under which appellant claims, but the assignment related to the filing of the petition in insolvency (*State etc. Co. v. San Francisco*, 101 Cal. 135), which was prior to such judgment.

We advise that the judgment be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Harrison, J., Garoutte, J., Van Dyke, J.