[L. A. No. 11891. In Bank.—April 22, 1930.]

DAVID BURR LUCKEY, Administrator, etc., Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Ben F. Griffith for Petitioner.

Edmund Wheeler Pottle and Chas. A. Son for Respondents.

SEAWELL, J.—Petitioner, David Burr Luckey, seeks to have annulled on *certiorari* an order of the Superior Court of the county of Los Angeles revoking his letters of administration upon the estate of George Lafayette Finn, deceased, and appointing one E. A. Lane special administrator of said estate. Petitioner contends that the portion of the court's order revoking the general letters granted to him is void and of no effect because the procedure prescribed by sections 1436–1438 of the Code of Civil Procedure, for the revocation of letters of administration had not been complied with, from which it follows that the portion of the order appointing a special administrator was also void. ▆ A vacancy must occur by order of court in the administration of an estate before the court has the power to appoint an administrator to take the place of one who has been appointed to administer the

affairs of an estate. (*Schroeder* v. *Superior Court,* 70 Cal. 343 [11 Pac. 651]; *Haynes* v. *Meeks,* 20 Cal. 288; *Estate of Hamilton,* 34 Cal. 464; 11 Cal. Jur. 406.)

Petitioner's attack upon the court's order assumes the validity of the prior decree appointing him administrator. If, as respondents contend, it appears upon the face of the proceedings for appointment that the court exceeded its jurisdiction, said decree of appointment was void, and the court was not required before appointing a special administrator to follow the statutory procedure for removal of an administrator, but was warranted in treating said decree as a nullity. "A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. . . . It neither binds nor bars anyone." (*Bennett* v. *Wilson,* 122 Cal. 509 [68 Am. St. Rep. 61, 55 Pac. 390]; 15 Cal. Jur. 49.)

 Respondents contend that a lack of jurisdiction to appoint petitioner general administrator existed for the reason that his appointment was based upon an application entitled "Petition for Letters of Administration with the Will Annexed," and the only notice posted and mailed to heirs gave notice of the time set for hearing of the application of petitioner for the issuance of letters of administration with the will annexed. This situation arose from petitioner's designating the following instrument a will: "I hereby revoke all wills and codicils heretofore made by me." The petition prayed for the probate of said instrument as a will and for the issuance to petitioner of letters of administration with the will annexed. In all other respects the petition and notice satisfied the requirements of a petition and notice for letters of administration. Said instrument not being testamentary in character, the court directed letters of administration to be issued to petitioner. An attack made upon the order of appointment in subsequent proceedings for removal or for the appointment of a new administrator is a collateral attack and governed by the rule that in a collateral attack upon a judgment it can be impeached only for a want of jurisdiction appearing upon the face of the proceedings. (*Estate of Davis,* 151 Cal. 318 [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711].)

We regard the petition filed and notice given as sufficient to invoke the jurisdiction of the court to make the appoint-

ment. *Estate of Heuler*, 208 Cal. 498 [282 Pac. 500], recently decided by this court, is authority on this point. In that case the nominee of the decedent's widow was appointed administrator. Thereafter the court admitted to probate as a will an instrument executed by the decedent and designated a marriage contract, which was found by the court to be testamentary in character. At the same time the court revoked the letters granted to the widow's nominee, issuing letters of administration with the will annexed to a son of decedent. Upon appeal this court affirmed the order admitting the instrument to probate, but reversed the order revoking the letters of administration issued to the widow's nominee, with directions to the lower court to so amend the order of appointment of said nominee as to provide for the issuance to him of letters of administration with the will annexed. The prior petition of the widow's nominee for letters of administration, upon which such letters were in fact issued, being held sufficient to support a grant of letters of administration with the will annexed, we can perceive no reason in logic or policy why a petition for letters with the will annexed should not support a grant of general letters upon a showing of intestacy, notwithstanding said petition may appear to have been irregular. The petition is to be deemed an application for general letters or for letters with the will annexed according as the facts offered upon the hearing establish that the decedent died intestate or testate. ■ An administrator with the will annexed, no less than an administrator in cases of intestacy, derives the right to appointment from the provisions of law, rather than by the act of the decedent, as in the case of an executor. The propriety of making an order for the issuance of letters with the will annexed is dependent upon the establishment of a will apparently valid. ■ A notice of filing of a petition for letters with the will annexed must be deemed to import to those who may be interested that should petitioner fail to establish testacy, letters of administration will be granted.

■ The facts alleged in the petition present a case of intestacy calling for the appointment of an administrator. Although the petition contained an allegation that the decedent left a will, the instrument offered for probate with the petition, and upon which this allegation was based, was

not a will but a revocation of all former wills. ■ The subject matter of an action and the issues involved are determinable from the facts pleaded, rather than from the title or prayer for relief. (1 Freeman on Judgments, sec. 366; *Hinkel* v. *Crowson*, 83 Cal. App. 87 [256 Pac. 479].) ■ A judgment relating to the subject matter of a proceeding as stated in the averments of the pleading is not void upon a collateral attack because the pleader has asked for other relief than that which can properly be awarded.

■ Having determined that the order appointing petitioner administrator was valid, we pass now to consider the order removing him. Upon *certiorari* only errors going to the jurisdiction of the court may be reviewed. (Sec. 1074, Code Civ. Proc.; *Fickert* v. *Zemansky*, 176 Cal. 443 [168 Pac. 891]; 4 Cal. Jur. 1022.) ■ Conceding that an order of removal entered upon evidence which is wholly insufficient to establish the existence of a legal cause therefor is in excess of the jurisdiction of the court and does not merely present error in the exercise of jurisdiction, we are of the view that the evidence before the court established cause for removal. In the order of removal the probate judge assigns as reasons therefor that there exists a doubt as to the regularity of petitioner's appointment and a conflict of interest between the petitioner as administrator and other persons interested in said estate, due to the circumstance that petitioner is one of the chief beneficiaries under an alleged subsequently produced will offered for probate to which Gladys L. McAfee, grandniece of the decedent, had instituted a contest, which was then pending, on the grounds of forgery, fraud and undue influence. As noted above, the appointment of petitioner was valid, but we cannot say that the probate judge was not justified in removing the administrator in the light of subsequent developments, which disclosed the existence of two wills, the latest of which gave petitioner a large share of decedent's estate and cut out respondent Gladys L. McAfee with one dollar, while the earlier will gave her a substantial legacy. There are a number of other facts and circumstances, in addition to petitioner's ample share in a will that is alleged to be the product of forgery, fraud and undue influence and to which the subscribing witnesses were decedent's physician and nurse, who, it is alleged in said will contest, hold notes executed

by decedent for $100,000, although decedent was never indebted to them in that sum, that are peculiar to this proceeding, and hence the discretion of the probate judge will not be interfered with, as no abuse of discretion appears.

For the better understanding of the situation we will briefly review the steps in the probate proceeding as they appear from the record. The decedent, who had been infirm in health for some time before his death, died at the age of eighty-three years, and left neither wife, children, grandchildren nor parents surviving him. His heirs at law were three aged brothers, two of whom were nonresidents, a niece, a grandniece, Gladys L. McAfee, who is the contestant to the will offered for probate, and petitioner herein, David Burr Luckey, a nephew. The estate of decedent in the state of California was valued at $650,000 in petitioner's application for administration. Upon the hearing of petitioner's application for letters of administration on February 18, 1929, he presented an instrument signed by the decedent and dated January 16, 1929, four days before his death, whereby he revoked all former wills and codicils. Petitioner, who upon occasions had acted as decedent's attorney, denied knowledge of any wills prior or subsequent to the date of the revocation, as did Dr. Murphy, decedent's physician, and one Dickey, decedent's nurse, who signed the revocation as witnesses. On June 28, 1929, petitioner produced under court order issued upon the affidavit of Gladys L. McAfee, a will of decedent executed in 1925, with several codicils annexed thereto. By said will petitioner and his wife were bequeathed $50,000 jointly and Gladys L. McAfee was also bequeathed $50,000, but her bequest was cut down by a subsequent codicil to $20,000 and by another codicil raised to $25,000. The Security Trust and Savings Bank and petitioner were named as executors by a codicil. At the time said will was produced in court petitioner testified that it first came into his possession upon the opening of decedent's safe deposit box a few days after the issuance of letters of administration to him on February 18th. Upon the occasion of another hearing before the court he testified that Gladys L. McAfee was present at the opening of the safe deposit box. The revocation of January 16th, the validity of which has never been attacked, would revoke said will of 1925 and said codicils thereto.

At about the date petitioner was ordered to produce the 1925 will and codicils thereto, a court order was issued to Dr. Frank Murphy and John Dickey, directing them to produce a will of decedent in their possession. This order was based on the petition of the attorney for Luckey. A will filed June 27th bears date January 17, 1929, and the attestation clause appears to be signed by said Murphy and Dickey as witnesses to the will. Both Murphy and Dickey had testified upon the hearing of petitioner's application for letters of administration that they had signed the revocatory instrument of January 16, 1929, as witnesses, and both absolutely denied having any knowledge of a subsequent will. To this will, which named petitioner executor and in respect of which he has applied for letters testamentary, Gladys L. McAfee filed a contest on July 16, 1929. By said will, as before stated, she was cut off with a bequest of one dollar, while petitioner, together with decedent's brothers, David and W. N. Finn, and his niece, Jane Corwin Finn, are bequeathed equal shares in the residue remaining after payment of specific bequests totaling about $27,500. A third brother, aged eighty years, is also cut off with one dollar. Upon the hearing which preceded petitioner's removal on July 17th, he denied having received knowledge of the existence of said later will until three or four weeks before said hearing.

On the day after she filed objections to the admission of said will to probate, to wit, July 17, 1929, Gladys L. McAfee also filed an application denominated petition for appointment of a special administrator. Said application is also in legal effect a petition for the removal of petitioner as administrator. At the hearing upon said petition, petitioner herein was examined concerning certain charges made in a prior petition of said Gladys L. McAfee for revocation of his letters, filed May 9, 1929, and which appears never to have been disposed of, which petition alleged him guilty of mismanagement, waste and neglect in the management of the estate. Were it necessary to the decision herein we should be disposed to hold that said evidence falls short of establishing some of the specific grounds urged for removal. Nevertheless, the statement of the probate judge made at the conclusion of the hearing indicated that he felt, as do we from a consideration of the proceedings before us, a substantial

doubt as to whether petitioner had exercised the highest degree of good faith in his management of the estate.

All pleadings, files and papers in the estate proceeding were received in evidence before the probate judge without objection. The charges made against petitioner in the contest filed by Gladys L. McAfee to the admission to probate of the instrument of January 17, 1929, if substantiated, would not only render the instrument invalid as a will, but would call for the removal of petitioner as administrator. It is alleged therein that the name of decedent signed to said instrument was a forgery and that it was improperly executed, but that if the signature was in fact that of decedent, the instrument was the product of duress, menace, fraud and undue influence practiced upon decedent by petitioner and by Jane Corwin Finn, his niece, and by Dr. Murphy and Dickey, the nurse, three days before his death, at a time when he was suffering from cancer and dependent upon opiates for relief from pain; that petitioner herein and said Jane Corwin Finn during the last weeks of decedent's life had undertaken to manage his affairs and they and Dr. Murphy and Dickey, conspiring together to secure the bulk of the estate for themselves, had kept other persons from him, and by granting or withholding relief from pain through the administration of opiates, had controlled decedent and substituted their will for his, thereby causing him to execute the will in question and to execute notes for $100,000 each in favor of Murphy and Dickey, although he was not indebted to them except for the reasonable value of their medical services. A person guilty of such conduct would be far from a person in whom the probate court should repose trust and confidence as an administrator.

An administrator in the position of petitioner, who is the proponent of an after-discovered will, the effect of which is to give him a larger share of the estate of a decedent than he would receive in the event of intestacy at the expense of a contestant who would profit from an intestate succession, has an interest adverse to said contestant and to the estate, both in securing a larger portion of the estate and in establishing his own innocence of guilty conduct. His self-interest may prompt him to uphold the will attacked as a forgery and as the product of his own undue influence and fraud. It is true that the personal

representative of an estate in a great number of cases is an heir or legatee possessing pecuniary interest in the estate. ■ But there is a distinction between the interest of a representative under a will duly admitted to probate and that of an administrator who is the proponent of an unadmitted will under attack on the ground that it is the product of the fraud and undue influence of said administrator.

Furthermore, there are unexplained circumstances in this case calculated to justify the court's action. The will of January 17, 1929, in respect of which petitioner has applied for letters testamentary, purports to be signed by Murphy and Dickey as witnesses. They testified at the hearing of February 18th, on which date petitioner was appointed administrator, that they had witnessed the revocation then presented to the court and that they knew of no will subsequent to the date of the revocation. A motive on the part of Murphy and Dickey for concealing the will of January 17th from petitioner and the court is not apparent, since they would not profit as heirs from an intestate succession, nor were they legatees in the will. ■ "To the probate court is given, in the first instance, the supervision and protection of estates of deceased persons, with power, in the exercise of that supervision, to remove an executor when, in its discretion, such step is necessary for the protection of the estate; and that power is not to be interfered with by the appellate court, unless there has been a clear abuse of that discretion." (*Estate of Bell,* 135 Cal. 194 [67 Pac. 123].) We are of the view that this power must be held to exist where necessary or expedient to protect the estate, although, as in the instant case, there is no code section providing for removal in the specific situation before the court. As the chancellor is the guardian of a ward's interests, so the probate judge is charged with a similar duty with respect to the heirs of decedents.

The removal is in nowise a decision on the verity of the grounds of attack upon petitioner in the will contest. The validity of the charges made against him in said pending will contest is a matter to be determined at the hearing upon said contest, and not in the proceedings for removal and appointment of a special administrator. But we are of the view that meanwhile he was properly removed and a special administrator appointed in his stead.

█ Petitioner attacks the order of removal on the further ground that it was in excess of the jurisdiction of the court for the reason that no court order had been issued pursuant to section 1436 of the Code of Civil Procedure, citing him to appear at the hearing of July 17th and show cause why he should not be removed, nor had a citation been served upon him. We do not regard the order of removal as having been made under said section. The situation arising from petitioner's application for letters testamentary upon the will of January 17th, and the filing of the contest to said will, which situation calls for the removal of petitioner, appeared from the court records, and there were no facts which petitioner could produce on a removal hearing which would justify his continuance in office. A notice signed by the attorney for Gladys L. McAfee, to the effect that her application for the appointment of a special administrator would be heard on July 17th was served on petitioner on the preceding day. He was in fact present at said hearing. We cannot see that additional notice would have been of any benefit to him. Furthermore, the court had made orders for the issuance of citations upon the filing in May of the petitions for removal of petitioner by Mrs. McAfee and Charles Finn, and citations showing May 24th as the date set for hearing upon said petitions had been served upon him. Said petitions were not disposed of on said date. Petitioner was not in ignorance when he appeared at the July hearing that his removal was desired.

But even if a court order citing petitioner to appear on July 17th should be held to have been required, we should be disposed to hold that it had been waived by petitioner's conduct. Service of such a citation, like service of process in an ordinary civil action, may be waived. Although petitioner objected at the outset to the hearing of the application for the appointment of a special administrator on the ground that his letters had not been revoked, he did not object to the court's then considering the matter of a revocation on the ground that no citation had been served upon him pursuant to court order. He participated in the proceedings which were held in his presence and was denied no substantial right.

█ The petitioner having been validly removed, the court properly appointed a disinterested person to act as

special administrator of the estate pending the outcome of the will contest. The office of administrator is created as a means of assisting the court in the business of administering estates expeditiously and fairly and its powers should not be curtailed so long as they are not arbitrarily exercised.

Order affirmed and writ discharged.

Richards, J., Curtis, J., Shenk, J., Waste, C. J., and Preston, J., concurred.